**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| VANESSA VICTORIA MEJIA-MENDOZA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03264-SHL-atc |

**ORDER GRANTING PETITION**

On September 24, 2026, Petitioner Vanessa Victoria Mejia-Mendoza filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Mejia-Mendoza challenges her immigration-related detention. (Id. at PageID 3.) She seeks immediate release from Respondent's custody. (Id. at PageID 7.) Respondent responded on September 30. (ECF No. 6.) Respondent contends that "[t]he Court should deny the Petition because Petitioner failed to exhaust his administrative remedies in immigration court." (Id. at PageID 15.) Alternatively, Respondent posits that Mejia-Mendoza is lawfully detained under 8 U.S.C. § 1225(b). (Id.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Mejia-Mendoza is a citizen of El Salvador who arrived in the United States in December 2023 at a Port of Entry, where she applied for admission. (ECF No. 8 at PageID 35.) She was issued a Notice to Appear, placed in ordinary removal proceedings, and subsequently released into the United States. (Id.) On September 20, 2026, Mejia-Mendoza was arrested by local law enforcement officers. (Id. at PageID 36.) Upon her release three days later, ICE agents took

Mejia-Mendoza into custody at the West Tennessee Detention Center in Mason, Tennessee, where she remains detained. (Id.)

## ANALYSIS

Respondent argues that Mejia-Mendoza is subject to mandatory detention under 8 U.S.C. § 1225 because she is an arriving alien. (ECF No. 6 at PageID 19.) According to Respondent, Mejia-Mendoza is unlike the petitioners in Lopez-Campos "[who] spent 'significant time . . . within the interior of the United States[,]' '[and] resided within the United States for years.'" (Id. at PageID 21 (quoting Lopez-Campos, 175 F.4th at 734).) Respondent further argues that Mejia-Mendoza arrived at a Port of Entry and that her Notice to Appear "charg[ed] [her] specifically with being an arriving alien." (Id. at PageID 21.) These arguments miss the mark.

For one, nearly three years have elapsed since Mejia-Mendoza's arrival at a Port of Entry. This is a "significant time within the interior of the United States." Cf. Hernandez Rocha v. Bullock, No. 2:26-cv-02407-SHL-cgc, 2026 WL 1432691, at *1 (W.D. Tenn. May 21, 2026) (rejecting the notion that two-year continuous residence is not a significant time within the interior of the United States) (citing Landeros Quintero v. Bullock, No. 26-CV-02511, 2026 WL 1382323, at *1 (W.D. Tenn. May 18, 2026)). Moreover, Torres-Figueroa cannot be fairly described as an "arriving alien" nearly three years after her arrival when detained over a thousand miles from her place of entry. See, e.g., Diaz Gonzalz v. Bullock, No. 2:26-cv-02486-TLP-atc, 2026 WL 1918059, at *2 (W.D. Tenn. June 3, 2026) (rejecting argument that petitioner remained an "applicant for admission" over two years later when arrested by ICE agents) (citing Hernandez v. Ladwig, No 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *6 (W.D. Tenn. Feb. 6, 2026)). Therefore, Lopez-Campos squarely applies here, and Respondent's attempts to distinguish it are meritless.

Alternatively, Respondent maintains that "the Court should require Petitioner to exhaust [her] administrative remedies" and therefore deny the Petition. (ECF No. 6 at PageID 16.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [she has] a liberty interest to be free from detention." See Lopez-Campos, 175 F.4th at 734. ICE's decision to detain her without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing

Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 5th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE